■ In the Matter of HERSON O.A. M. ANA D.V., Appellant; GLORIA E.M.L. et al., Respondents. [9 NYS3d 349]—

Appeal from an order of the Family Court, Suffolk County (David Freundlich, J.), dated August 14, 2014. The order, without a hearing, dismissed the proceeding without prejudice.

Ordered that the order is affirmed, without costs or disbursements.

In March 2013, the petitioner commenced this proceeding pursuant to Family Court Act article 6 to be appointed guardian of her nephew, Herson O.A.M. (hereinafter the child), for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making specific findings that he is unmarried and under 21 years of age, that reunifica-

tion with one or both of his parents is not viable due to abandonment, neglect, or abuse, and that it would not be in his best interests to be returned to El Salvador, his previous country of nationality and last habitual residence, so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

In a letter dated June 19, 2014, the Guardianship Department of the Family Court advised the petitioner's counsel that the proceeding "has been pending since 5/30/13," and "you have not responded to the Court's request for required documents, additional information and/or instructions to schedule an appointment to be fingerprinted," and that "[f]ailure to submit **all** required documentation to the Court within the next thirty (30) days will result in the matter being dismissed". There is no indication in the record that the petitioner responded to this letter. The record also reveals that the petitioner and her counsel failed to appear at a proceeding on August 14, 2014.

In an order dated August 14, 2014, the Family Court, sua sponte, dismissed the proceeding without prejudice, stating that it "appear[ed] . . . that the petitioner has without cause failed to proceed [with] this matter . . . , notwithstanding due demand for compliance." The Family Court additionally found that it "appear[ed] that the petitioner has abandoned this proceeding." The petitioner appeals from that order.

The petitioner's contention on appeal is limited to challenging that portion of the order which determined that the proceeding should be dismissed on the ground that she failed to comply with the demand in the letter dated June 19, 2014, that she schedule an appointment for fingerprinting. This contention is based largely on factual allegations that are dehors the record, which cannot be reviewed on this appeal (*see Matter of Richmond v Perez*, 122 AD3d 928, 929 [2014]; *Matter of Vega v Vega*, 120 AD3d 1427, 1428 [2014]). The petitioner raises no contention with respect to that portion of the order which determined that the proceeding should be dismissed on the separate ground that she "abandoned this proceeding." We take no position on this issue.

Accordingly, the petitioner has not set forth any basis to disturb the order dismissing the proceeding without prejudice. Rivera, J.P., Austin, Cohen and Duffy, JJ., concur.