Wells Fargo Bank, NA v Madlen Apt (2020 NY Slip Op 00640)





Wells Fargo Bank, NA v Madlen Apt


2020 NY Slip Op 00640


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-12720
2017-03190
 (Index No. 11066/12)

[*1]Wells Fargo Bank, NA, appellant, 
v
Madlen Apt, respondent, et al., defendants.


Hogan Lovells US LLP, New York, NY (Leah Edmunds, David Dunn, Chava Brandriss, and Leah Rabinowitz Lenz of counsel), for appellant.
Law Office of Alan J. Sasson, P.C., Brooklyn, NY (Shella Sadovnik of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), dated September 29, 2014, and (2) an order of the same court entered October 6, 2016. The order dated September 29, 2014, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Madlen Apt. The order entered October 6, 2016, insofar as appealed from, denied that branch of the plaintiff's second motion which was for summary judgment on the complaint insofar as asserted against the defendant Madlen Apt.
ORDERED that the order dated September 29, 2014, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order entered October 6, 2016, is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the plaintiff's second motion which was for summary judgment on the complaint insofar as asserted against the defendant Madlen Apt is granted.
On or about May 24, 2012, the plaintiff commenced this mortgage foreclosure action alleging that it was the holder of the subject note and mortgage, and that the defendant Madlen Apt (hereinafter the defendant) had defaulted upon her payment obligations. In an amended answer, the defendant alleged, inter alia, lack of standing as an affirmative defense. A note of issue was filed on or about July 26, 2013. In February 2014, almost seven months after the note of issue was filed, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and to appoint a referee to compute the sums due and owing under the note and mortgage (hereinafter the 2014 motion). In an order dated September 29, 2014 (hereinafter the September 2014 order), the Supreme Court denied the 2014 motion, determining, among other things, that the motion was untimely.
Thereafter, on October 15, 2014, the note of issue was vacated on consent of the parties. In 2016, the plaintiff, inter alia, again moved for summary judgment on the complaint [*2]insofar as asserted against the defendant (hereinafter the 2016 motion). In an order entered October 6, 2016 (hereinafter the October 2016 order), the Supreme Court described the 2016 motion as being "in essence a motion to reargue the [September 2014 order]," and denied that motion. The plaintiff appeals from so much of the September 2014 order and October 2016 order, respectively, as denied those branches of its motions which were for summary judgment on the complaint insofar as asserted against the defendant.
We agree with the Supreme Court's determination denying the branch of the plaintiff's 2014 motion as untimely on the ground that the plaintiff failed to demonstrate good cause for the delay in making its motion (see CPLR 3212[a]; Brill v City of New York, 2 NY3d 648, 652; Miller v Ball, 165 AD3d 920). CPLR 3212(a) provides that "[i]f no such date is set by the court, [a motion for summary judgment] shall be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown" (see Brill v City of New York, 2 NY3d at 651). Here, the 2014 motion was filed approximately seven months after the note of issue was filed and approximately 80 days after the deadline for making a motion for summary judgment. The plaintiff's failure to apply for leave to file the 2014 motion and failure to establish good cause for its delay warranted denial of the 2014 motion without consideration of its merits (see Arcamone-Makinano v Britton Prop., Inc., 156 AD3d 669; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 869).
However, we do not agree with the Supreme Court's determination denying the plaintiff's 2016 motion. The plaintiff's motion did not violate the rule against successive motions for summary judgment. While the plaintiff had previously moved for summary judgment following the filing of a note of issue, and its motion was denied on the ground that it had not been made within the time allowed by CPLR 3212(a), the note of issue was subsequently vacated. The vacatur of the note of issue returned the case to its pre-note of issue status (see Montalvo v Episcopal Health Servs., Inc., 172 AD3d 1357, 1358; Montalvo v Mumpus Restorations, Inc., 110 AD3d 1045, 1046), and the plaintiff could again seek summary judgment (see Farrington v Heidkamp, 26 AD3d 459, 460).
To establish prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (see Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002; HSBC Bank, USA v Hagerman, 130 AD3d 683, 683-684). Additionally, where, as here, a plaintiff's standing is put into issue by the defendant, the plaintiff must prove its standing to be entitled to relief (see Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 242). "In a mortgage foreclosure action, a plaintiff has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (id. at 753; see US Bank N.A. v Coppola, 156 AD3d 934, 935).
Here, the plaintiff produced the mortgage, assignment of mortgage, the note, and evidence of default (see US Bank N.A. v Coppola, 156 AD3d at 935; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011). The plaintiff also established that it had standing to commence this action by submitting the affirmation of its counsel and the affidavit of its vice president of loan documentation, which provided the foundation for attached business records. The plaintiff's submissions established that the plaintiff had physical possession of the note prior to the commencement of this action, and that the note, indorsed in blank, was annexed as an exhibit to the complaint at the time the action was commenced. These submissions were sufficient to establish the plaintiff's standing (see US Bank N.A. v Coppola, 156 AD3d at 935; Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d at 1002). In opposition, the defendant failed to raise a triable issue of fact.
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court should have granted that branch of the 2016 motion [*3]which was for summary judgment on the complaint insofar as asserted against the defendant.
LEVENTHAL, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court