Wells Fargo Bank, N.A. v Reed (2021 NY Slip Op 00202)





Wells Fargo Bank, N.A. v Reed


2021 NY Slip Op 00202


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-05358
 (Index No. 9620/13)

[*1]Wells Fargo Bank, National Association, etc., respondent, 
v
Ann Reed, appellant, et al., defendants.


Bilosi Law Group, P.C., New York, NY (Steven Alexander Bilosi and Aveet Basnyat of counsel), for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Kenneth J. Flickinger of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ann Reed appeals from a judgment of foreclosure and sale of the Supreme Court, Kings County (Lawrence Knipel, J.), dated March 27, 2017. The judgment of foreclosure and sale, insofar as appealed from, upon a decision of the same court dated July 13, 2016, made after a nonjury trial, inter alia, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant Ann Reed (hereinafter the defendant), among others, to foreclose a mortgage. After a nonjury trial, the Supreme Court, in a decision dated July 13, 2016, found, inter alia, that the defendant had defaulted on her obligations under the subject note and mortgage. Thereafter, the court issued a judgment of foreclosure and sale, among other things, directing the sale of the subject property. The defendant appeals, and we affirm the judgment of foreclosure and sale insofar as appealed from.
To establish prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (see Wells Fargo Bank, NA v Madlen Apt, 179 AD3d 1145). Additionally, where, as here, a plaintiff's standing is put into issue by the defendant, the plaintiff must prove its standing in order to be entitled to relief (see id.). A plaintiff in a mortgage foreclosure action establishes its standing by demonstrating that "it was the holder or assignee of the underlying note at the time the action was commenced" (U.S. Bank N.A. v Nelson, 169 AD3d 110, 114; see Wells Fargo Bank, N.A. v Frankson, 157 AD3d 844, 845).
In reviewing a determination made after a nonjury trial, this Court's power is as broad at that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that, in a close case, the trial court had the advantage of seeing and hearing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Countrywide Home Loans, Inc. v Gibson, 157 AD3d 853, 855).
Contrary to the defendant's contention, the Supreme Court's determinations that the plaintiff established its entitlement to a judgment of foreclosure and sale, and that it had standing to commence the action, are supported by the record. The defendant's remaining contentions are without merit. Since the court's determinations were warranted by the facts, we decline to disturb them.
DILLON, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court