Wells Fargo Fin. Credit Servs. N.Y., Inc. v Mammen (2021 NY Slip Op 00592)





Wells Fargo Fin. Credit Servs. N.Y., Inc. v Mammen


2021 NY Slip Op 00592


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-11753 
2019-06935
 (Index No. 135110/17)

[*1]Wells Fargo Financial Credit Services New York, Inc., respondent, 
v
Santhosh Mammen, et al., appellants, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellants.
Reed Smith LLP, New York, NY (Andrew B. Messite and Michael V. Margarella of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendants Santhosh Mammen and Shirley Santhosh appeal from (1) an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated August 17, 2018, and (2) an order and judgment of foreclosure and sale (one paper) of the same court dated May 30, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Santhosh Mammen and Shirley Santhosh and for an order of reference, and, in effect, denied that branch of those defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them. The order and judgment of foreclosure and sale, upon the order, inter alia, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed, since the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In February 2017, the plaintiff commenced this action, inter alia, to foreclose a mortgage against, among others, the defendants Santhosh Mammen and Shirley Santhosh (hereinafter together the defendants). In January 2018, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. [*2]In support of the motion, the plaintiff submitted an affidavit of Jacqueline Luhmann, a vice president for loan documentation for the plaintiff's servicer, who stated that a 90-day preforeclosure notice was mailed to the defendants pursuant to RPAPL 1304. Luhmann stated that the plaintiff had a standard office procedure for ensuring that RPAPL 1304 notices are mailed, described that procedure, and stated that the plaintiff's business records showed that the procedure was adhered to in this case. Those business records were attached as an exhibit to her affidavit. The records included a domestic return receipt signed by Mammen. The plaintiff also submitted a proof of filing statement from the New York State Department of Financial Services indicating that the required RPAPL 1306 filing was made on the same day that the RPAPL 1304 notice was mailed.
The defendants opposed the plaintiff's motion and cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, arguing that the plaintiff failed to comply with the requirements of RPAPL 1304 and 1306.
In an order dated August 17, 2018, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, and, in effect, denied that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them. In an order and judgment of foreclosure and sale dated May 30, 2019, the court, inter alia, confirmed the referee's report and directed the sale of the subject property. The defendants appeal.
The Supreme Court properly determined that the plaintiff established strict compliance with RPAPL 1304. RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). RPAPL 1304 requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see RPAPL 1304[2]). The plaintiff can establish strict compliance with RPAPL 1304 by submitting domestic return receipts, evidence of a standard office procedure designed to ensure that items are properly addressed and mailed, or an affidavit from someone with personal knowledge that the mailing of the RPAPL 1304 notice actually happened (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21).
Here, Luhmann's affidavit and the attached business records, including the domestic return receipt signed by Mammen, were sufficient to establish, prima facie, strict compliance with RPAPL 1304 (cf. Wells Fargo Bank, N.A. v Tricario, 180 AD3d 848, 851). In opposition, the defendants failed to raise a triable issue of fact. The defendants' remaining contention regarding RPAPL 1304 is based on evidence that is dehors the record, and we do not address it (see Matter of Herson O.A.M. [Ana D.V.—Gloria E.M.L.], 128 AD3d 827, 828).
Contrary to the defendants' contention, the Supreme Court properly determined that the plaintiff established compliance with RPAPL 1306. RPAPL 1306(1) provides that in an action to foreclose a mortgage, lenders "shall file with the superintendent of financial services . . . within three business days of the mailing of the notice required by [RPAPL 1304]" a form containing certain information regarding the borrower and mortgage (see RPAPL 1306[2]). A proof of filing statement from the New York State Department of Financial Services is sufficient to establish, prima facie, that the plaintiff complied with RPAPL 1306 (see HSBC Bank USA, N.A. v Bermudez, 175 AD3d 667, 670-671). Here, the plaintiff met its burden by submitting such a proof of filing statement.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, and, in effect, denied that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them.
RIVERA, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court