Valiotis v Bekas (2021 NY Slip Op 08213)





Valiotis v Bekas


2021 NY Slip Op 08213


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-12207
 (Index No. 23426/10)

[*1]Efstathios Valiotis, respondent, 
v
Demetrios Bekas, appellant, et al., defendants.


Demetrios Bekas, Bayside, NY, appellant pro se.
Harrington, Ocko & Monk, LLP, White Plains, NY (Kevin J. Harrington and Erin Durba of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Demetrios Bekas appeals from stated portions of an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered July 31, 2018. The order, inter alia, denied that branch of the motion of the defendant Demetrios Bekas which was for summary judgment dismissing the complaint insofar as asserted against him and, in effect, upon reargument, adhered to a prior determination in an order entered January 18, 2018, granting the plaintiff's motion for a judgment of foreclosure and sale and an order of reference.
ORDERED that the order entered July 31, 2018, is affirmed insofar as appealed from, with costs.
In 2010, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Demetrios Bekas (hereinafter the defendant). Following a lengthy history of motion practice and appeals, the Supreme Court granted the plaintiff's motion for a judgment of foreclosure and sale and an order of reference. The court concluded, inter alia, that the defendant lacked standing to oppose that relief because he was no longer an owner of the subject property, having conveyed his interest therein for consideration.
The defendant then moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him and, in effect, for leave to reargue with respect to the determination granting the plaintiff's motion for a judgment of foreclosure and sale and an order of reference. In an order entered July 31, 2018, the Supreme Court, among other things, denied that branch of the defendant's motion which was for summary judgment as untimely and, in effect, upon reargument, adhered to its prior determination granting the plaintiff's motion for a judgment of foreclosure and sale and an order of reference. The defendant appeals.
"CPLR 3212(a) provides that '[i]f no such date is set by the court, [a motion for summary judgment] shall be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown'" (Wells Fargo Bank, NA v Apt, 179 AD3d 1145, 1146). Here, the defendant filed his motion beyond the time permitted under CPLR 3212(a) for the making of a motion for summary judgment. He also failed to seek leave of court or to offer any reason for his delay. The Supreme Court therefore properly denied that branch of the [*2]defendant's motion which was for summary judgment as untimely (see Brill v City of New York, 2 NY3d 648, 650-653).
Furthermore, the Supreme Court properly, in effect, upon reargument, adhered to its prior determination granting the plaintiff's motion for a judgment of foreclosure and sale and an order of reference. A party who conveys his or her interest in property that is the subject of a foreclosure action "effectively divest[s]" himself or herself "of standing to challenge [a] plaintiff's request for a judgment of foreclosure and sale" (Deutsche Bank Natl. Trust Co. v Patrick, 173 AD3d 973, 974; see NYCTL 1996-1 Trust v King, 304 AD2d 629, 630-631). Here, the defendant and his wife executed the mortgage on August 11, 2004, and the defendant subsequently executed a deed dated March 1, 2005, transferring his entire interest in the subject property. Accordingly, at the time of the plaintiff's motion for a judgment of foreclosure and sale and an order of reference, the defendant "possessed no rights" in the subject property "which could have been adversely affected thereby" (Bancplus Mtge. Corp. v Galloway, 203 AD2d 222, 223). Given the defendant's lack of standing, the court properly, in effect, upon reargument, adhered to its prior determination granting the plaintiff's motion (see Wells Fargo Bank, N.A. v Munoz, 169 AD3d 609).
The defendant's remaining contentions either are without merit, need not be addressed in light of our determination, or are not properly before this Court.
MASTRO, A.P.J., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court