MTGLQ Invs., L.P. v Assim (2022 NY Slip Op 06000)

MTGLQ Invs., L.P. v Assim

2022 NY Slip Op 06000

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2019-07884
2020-02008
 (Index No. 714730/18)

[*1]MTGLQ Investors, L.P., respondent,
v
Mohamed K. Assim, appellant, et al., defendants.

The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
Friedman Vartolo LLP, New York, NY (Richard O'Brien of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Mohamed K. Assim appeals from (1) an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered May 17, 2019, and (2) an order of the same court entered November 20, 2019. The order entered May 17, 2019, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Mohamed K. Assim, to strike that defendant's answer and second, third, and fourth affirmative defenses, alleging noncompliance with RPAPL 1304, 1306, and 1303, respectively, and for an order of reference. The order entered November 20, 2019, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the order entered May 17, 2019, is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Mohamed K. Assim, to strike that defendant's answer and the fourth affirmative defense, alleging noncompliance with RPAPL 1303, and for an order of reference, and substituting therefor provisions denying those branches of the motion; as so modified, the order entered May 17, 2019, is affirmed insofar as appealed from, and so much of the order entered November 20, 2019, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Mohamed K. Assim, to strike that defendant's answer and the fourth affirmative defense, alleging noncompliance with RPAPL 1303, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff is vacated; and it is further,
ORDERED that the appeal from so much of the order entered November 20, 2019, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Mohamed K. Assim, to strike that defendant's answer and the fourth affirmative defense, alleging noncompliance with RPAPL 1303, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff is dismissed as academic in light of our determination on the appeal from the order entered May 17, 2019; and it is further,
ORDERED that the order entered November 20, 2019, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Mohamed K. Assim.
The plaintiff commenced this action to foreclose a mortgage against the defendant Mohamed K. Assim (hereinafter the defendant), among others. The defendant interposed an answer asserting various affirmative defenses, including the plaintiff's failure to comply with RPAPL 1303, 1304, and 1306. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer and affirmative defenses alleging noncompliance with RPAPL 1303, 1304, and 1306, and for an order of reference. The defendant opposed the motion. In an order entered May 17, 2019, the Supreme Court, among other things, granted those branches of the plaintiff's motion. In an order entered November 20, 2019, the court granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. The defendant appeals, arguing that the court should have denied those branches of the plaintiff's motion, on the ground that the plaintiff failed to eliminate triable issues of fact with regard to its strict compliance with RPAPL 1303, 1304, and 1306.
Contrary to the defendant's contention, the plaintiff, in support of its motion, demonstrated, prima facie, that it complied with the mailing requirements of RPAPL 1304. RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . , including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). Proof of mailing is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that the items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure (see Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016).
Here, the plaintiff's submissions included an affidavit of an employee of the plaintiff's loan servicer who described the procedure by which the RPAPL 1304 notice was mailed to the defendant by both certified and first-class mail. Additionally, the plaintiff's submissions included a copy of an envelope addressed to the defendant bearing a certified mail 26-digit barcode, and a copy of the RPAPL 1304 notices sent to the defendant (see U.S. Bank N.A. v Panzer, 189 AD3d 1109; US Bank N.A. v Bochicchio, 179 AD3d 1133, 1136; Nationstar Mtge., LLC v LaPorte, 162 AD3d 784, 786). In opposition, the defendant's bare denial of receipt of the RPAPL 1304 notice was insufficient to raise a triable issue of fact (see Nationstar Mtge., LLC v LaPorte, 162 AD3d at 786).
Contrary to the defendant's further contention, the Supreme Court properly determined that the plaintiff established compliance with RPAPL 1306. RPAPL 1306 (1) provides that in an action to foreclose a mortgage, lenders "shall file with the superintendent of financial services . . . within three business days of the mailing of the notice required by [RPAPL 1304]" a form containing certain information regarding the borrower and the mortgage (see id. § 1306 [2]). A proof of filing statement from the New York State Department of Financial Services is sufficient to establish, prima facie, that the plaintiff complied with RPAPL 1306 (see Wells Fargo Fin. Credit Servs. N.Y., Inc. v Mammen, 191 AD3d 737, 739; HSBC Bank USA, N.A. v Bermudez, 175 AD3d 667, 670-671). Here, the plaintiff met its prima facie burden by submitting the proof of filing statement and, in opposition, the defendant failed to raise a triable issue of fact.
The plaintiff, however, failed to establish, prima facie, that it provided notice in compliance with RPAPL 1303. RPAPL 1303 "requires the foreclosing party to deliver, along with the summons and complaint, a notice titled 'Help for Homeowners in Foreclosure' in residential foreclosure actions involving owner-occupied, one-to-four family dwellings. The statute mandates that the notice include specific language relating to the summons and complaint, sources of information and assistance, rights and obligations, and foreclosure rescue scams. It also mandates [*2]that the notice be in bold, 14-point type and printed on colored paper that is other than the color of the summons and complaint, and that the title of the notice be in bold, 20-point type" (Flagstar Bank, FSB v Hart, 184 AD3d 626, 627-628 [citations omitted]). "Proper service of the notice required by RPAPL 1303 . . . is a condition precedent to the commencement of a foreclosure action, and it is the plaintiff's burden to show compliance with that statute" (U.S. Bank N.A. v Ahmed, 174 AD3d 661, 664).
Here, the plaintiff failed to meet its prima facie burden since it is not apparent upon review of the copy of the RPAPL 1303 notice served upon the defendant that the correct typeface was utilized. In addition, the process server's affidavit of service did not indicate that the notice served upon the defendant complied with all of the requirements of RPAPL 1303, including the proper typeface (see Flagstar Bank, FSB v Hart, 184 AD3d 626, 628; cf. US Bank N.A. v Hunte, 176 AD3d 894, 897; LNV Corp. v Sofer, 171 AD3d 1033, 1036). As the plaintiff failed to meet its prima facie burden on this issue, we need not consider whether, in opposition, the defendant raised a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and the fourth affirmative defense, alleging noncompliance with RPAPL 1303, and for an order of reference.
MILLER, J.P., MALTESE, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court