U.S. Bank N.A. v Valme (2022 NY Slip Op 06734)

U.S. Bank N.A. v Valme

2022 NY Slip Op 06734

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-01162
 (Index No. 512098/18)

[*1]U.S. Bank National Association, etc., appellant,
v
Joshua Valme, respondent, et al., defendants.

LOGS Legal Group LLP, Rochester, NY (Ellis M. Oster of counsel), for appellant.
Alter & Barbaro, Brooklyn, NY (Do K. Lee of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated December 2, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Joshua Valme and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Joshua Valme and for an order of reference are granted.
In January 2006, the defendant Joshua Valme (hereinafter the defendant) borrowed the sum of $624,000 from Alliance Mortgage Banking Corp. (hereinafter Alliance). The loan was memorialized by a note and secured by a mortgage on certain real property located in Brooklyn. The defendant allegedly defaulted on the loan by failing to make the payment due on July 1, 2012, and all subsequent payments.
In June 2018, the plaintiff commenced this action to foreclose the mortgage against the defendant, among others. The defendant interposed an answer with various affirmative defenses, including lack of standing. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In an order dated December 2, 2019, the Supreme Court, among other things, denied those branches of the plaintiff's motion. The plaintiff appeals.
To establish prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (see Wells Fargo Bank, N.A. v Reed, 190 AD3d 785, 785; Wells Fargo Bank, NA v Apt, 179 AD3d 1145, 1147). Additionally, where, as here, a plaintiff's standing is put into issue by a defendant, the plaintiff must prove its standing in order to be entitled to relief (see Wells Fargo Bank, N.A. v Reed, 190 AD3d at 785). A plaintiff in a mortgage foreclosure action establishes its standing by demonstrating that "it was the holder or assignee of the underlying note at the time the action was commenced" (US Bank N.A. v Nelson, 169 AD3d 110, 114, affd 36 NY3d 998; see Wells Fargo Bank, N.A. v Frankson, 157 AD3d 844, 845).
Here, in support of its motion, the plaintiff submitted, among other things, the mortgage, the note, and evidence of the defendant's default in payment. The plaintiff also established, prima facie, that it had standing to commence the action by annexing to the complaint a copy of the note endorsed in blank (see U.S. Bank NA v Smith, 191 AD3d 726, 728; Wells Fargo Bank, N.A. v Khan, 188 AD3d 952, 953). The burden then shifted to the defendant to "raise a triable issue of fact as to a bona fide defense to the action, such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the plaintiff" (M & T Bank v Capolino, 168 AD3d 1045, 1047).
In opposition, the defendant's conclusory and unsubstantiated allegations failed to raise a triable issue of fact. Alliance's conduct, inter alia, in lending funds without regard to the defendant's income, though arguably unwise, was not so manifestly unfair as to bar this action under principles of equity (see id. at 1047). The defendant also failed to raise a triable issue of fact with regard to the plaintiff's standing. "'There is simply no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it'" (Citimortgage, Inc. v Doomes, 202 AD3d 752, 754, quoting JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645; see UCC 3-204[2]).
The defendant's contention that the doctrine of unclean hands barred this action is improperly raised for the first time on appeal.
Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
CONNOLLY, J.P., CHRISTOPHER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court