MTGLQ Invs., L.P. v Daleo (2024 NY Slip Op 03477)

MTGLQ Invs., L.P. v Daleo

2024 NY Slip Op 03477

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
LAURENCE L. LOVE, JJ.

2020-09215 
2020-09218
 (Index No. 605779/19)

[*1]MTGLQ Investors, L.P., respondent,
v
Roy Daleo, appellant, et al., defendants.

Charles Wallshein Esq., PLLC, Melville, NY, for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY(Max Saglimbeni of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Roy Daleo appeals from two orders of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), both dated October 27, 2020. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Roy Daleo, to strike that defendant's answer and affirmative defenses, and for an order of reference. The second order, insofar as appealed from, granted the same relief to the plaintiff and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the first order dated October 27, 2020, is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Roy Daleo, to strike that defendant's answer and affirmative defenses, except for the affirmative defense alleging failure to comply with RPAPL 1304, and for an order of reference, and substituting therefor a provision denying those branches of the motion; as so modified, the first order dated October 27, 2020, is affirmed insofar as appealed from, and so much of the second order dated October 27, 2020, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Roy Daleo, to strike that defendant's answer and affirmative defenses, except for the affirmative defense alleging failure to comply with RPAPL 1304, and for an order of reference and referred the matter to a referee to compute the amount due to the plaintiff is vacated; and it is further,
ORDERED that the appeal from so much of the second order dated October 27, 2020, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Roy Daleo, to strike that defendant's answer and affirmative defenses, except for the affirmative defense alleging failure to comply with RPAPL 1304, and for an order of reference and referred the matter to the referee to compute the amount due to the plaintiff is dismissed as academic in light of our determination on the appeal from the first order dated October 27, 2020; and it is further,
ORDERED that the second order dated October 27, 2020, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Roy Daleo.
In 2005, Roy Daleo (hereinafter the defendant) executed a note in favor of Countrywide Bank, a Division of Treasury Bank, N.A. (hereinafter Countrywide). The note was secured by a mortgage on certain real property located in Westhampton Beach. In 2013, the defendant allegedly defaulted under the terms of the note by failing to remit the monthly payment due for April of that year and for all subsequent months. The plaintiff, Countrywide's successor in interest, mailed RPAPL 1304 notices to the plaintiff in December 2018 and commenced this action to foreclose the mortgage in March 2019. The defendant's answer included an affirmative defense alleging failure to comply with RPAPL 1304.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and affirmative defenses, and for an order of reference. In an order dated October 27, 2020, the Supreme Court, among other things, granted those branches of the plaintiff's motion, and, in an order, also dated October 27, 2020, the court granted the same relief to the plaintiff and referred the matter to a referee to compute the amount due to the plaintiff. The defendant appeals from both orders.
In support of its motion, the plaintiff demonstrated, prima facie, that it complied with the mailing requirements of RPAPL 1304, and the defendant failed to raise a triable issue of fact. RPAPL 1304(1) provides that, "at least [90] days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee[,] or mortgage loan servicer shall give notice to the borrower." The statute further sets forth the required content for the notice and requires that the notice be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see id. § 1304[2]). Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action (see U.S. Bank N.A. v Jeffrey, 222 AD3d 802, 804; MTGLQ Invs., L.P. v Assim, 209 AD3d 1006, 1008). "Proof of mailing is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that the items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (MTGLQ Invs., L.P. v Assim, 209 AD3d at 1008). RPAPL 1304 notice must be sent by registered or certified mail and by first-class mail to the last known address of each borrower and to the subject property in a separate envelope from "any other mailing or notice" (id. § 1304[2]).
Contrary to the defendant's contention, the plaintiff did not violate the "separate envelope" requirement of RPAPL 1304(2). Here, included with the RPAPL 1304 notices was information concerning the federal Fair Debt Collection Practices Act (15 USC § 1692 et seq.) and the federal Service Members Civil Relief Act (50 USC § 3953 et seq.). This additional information did not violate RPAPL 1304 insofar as it consisted of "accurate statements that further the underlying statutory purpose of providing information to borrowers that is or may become relevant to avoiding foreclosure" (Bank of Am., N.A. v Kessler, 39 NY3d 317, 326; see U.S. Bank N.A. v Jeffrey, 222 AD3d at 804; Bank of Am., N.A. v Gonzalez, 219 AD3d 433, 435).
Contrary to the defendant's contention, RPAPL 1304 does not require that a 90-day notice include a specific date by which a borrower may cure the default (see RPAPL 1304, as amended by L 2016, ch 73, part Q, §§ 6, 7).
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was to strike the affirmative defense alleging failure to comply with RPAPL 1304.
However, the plaintiff otherwise failed to establish its prima facie entitlement to judgment as a matter of law. "In order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must submit the mortgage and unpaid note, along with evidence of the default" (U.S. Bank N.A. v Chrismas-Beck, 219 AD3d 534, 536 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Finger, 195 AD3d 789, 791). Although the plaintiff submitted the mortgage and the unpaid note, it failed to submit admissible evidence of the default.
"An affiant's assertion regarding the defendant's default, without the business records upon which he or she relied in making such an assertion, constitutes inadmissible hearsay" (U.S. Bank N.A. v Chrismas-Beck, 219 AD3d at 536; see Bank of N.Y. Mellon v Giammona, 219 AD3d [*2]436, 439; Wells Fargo Bank, N.A. v Smith, 218 AD3d 832, 834-835; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205-206). It is the business record itself that serves as proof of the matter asserted and "not the foundational affidavit" (U.S. Bank N.A. v Chrismas-Beck, 219 AD3d at 536 [internal quotation marks omitted]; see Bank of N.Y. Mellon v Gordon, 171 AD3d at 205).
Here, the plaintiff submitted an affidavit of an employee of the servicer and attorney-in-fact for the plaintiff, which set forth that, "[a]ccording to the business records that I have reviewed . . . the Defendant Roy Daleo failed to comply with the terms of the Note and Mortgage by defaulting in the monthly payment that was due on April 1, 2013 and monthly thereafter." The affiant did not attach the business records upon which she relied in making her assertion regarding the defendant's alleged default, and no such records were attached to the plaintiff's motion. The affidavit of the plaintiff's witness was therefore inadmissible hearsay and failed to satisfy the plaintiff's prima facie burden (see U.S. Bank N.A. v Chrismas-Beck, 219 AD3d at 536).
BRATHWAITE NELSON, J.P., MILLER, MALTESE and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court