U.S. Bank N.A. v Weiss
2026 NY Slip Op 03470
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

U.S. Bank National Association, etc., respondent,
v
Jeno Weiss, appellant, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2023-11517, 2025-03046, (Index No. 1368/20)
Francesca E. Connolly, J.P.
William G. Ford
Helen Voutsinas
Carl J. Landicino, JJ.

Solomon Rosengarten, Brooklyn, NY, for appellant.
Gross Polowy, LLC, Williamsville, NY (Steven Rosenfeld and Michael Naghdi of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jeno Weiss appeals from (1) an order of the Supreme Court, Orange County (E. Loren Williams, J.), dated August 4, 2023, and (2) an order and judgment of foreclosure and sale (one paper) of the same court dated December 30, 2024. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Jeno Weiss and for an order of reference. The order and judgment of foreclosure and sale, inter alia, directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In 2020, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Jeno Weiss. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Weiss and for an order of reference. Weiss opposed the motion and requested that the Supreme Court search the record and award him summary judgment dismissing the complaint insofar as asserted against him due to the plaintiff's alleged failure to comply with RPAPL 1304 and 1306(2). In an order dated August 4, 2023, the court, among other things, granted those branches of the plaintiff's motion. Thereafter, the court issued an order and judgment of foreclosure and sale, inter alia, directing the sale of the subject property. Weiss appeals.
The Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Weiss. To establish a prima facie case in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (see Christiana Trust v Rashid, 228 AD3d 822, 824; Bank of N.Y. Mellon Trust Co., N.A. v Baskin, 218 AD3d 633, 634). Additionally, where, as here, a plaintiff's standing is put into issue by a defendant, the plaintiff must prove its standing in order to be entitled to relief (see Wells Fargo Bank, N.A. v Reed, 190 AD3d 785, 785). A plaintiff in a mortgage foreclosure action establishes its standing by demonstrating that it was the holder or assignee of the underlying note at the time the action was commenced (see Bank of N.Y. Mellon Trust Co., N.A. v Baskin, 218 AD3d at 634; U.S. Bank N.A. v Valme, 210 AD3d 1034, 1035). Further, "[w]here, as here, a defendant raises the issue of RPAPL 1304 [and 1306] as [affirmative defenses], the [plaintiff] is also required to make a prima facie showing of . . . compliance with RPAPL 1304" and 1306 (Bank of Am., N.A. v Reed, 239 AD3d 800, 803; see Wells Fargo Bank, N.A. v Murray, 238 AD3d 956, 956-957).
Here, in support of its motion, the plaintiff submitted the mortgage, the unpaid note, and evidence of the default, including the payment history and notices of default. The plaintiff also established, prima facie, that it had standing to commence the action by annexing a copy of the note, endorsed in blank, to the complaint (see U.S. Bank N.A. v Valme, 210 AD3d at 1035). Additionally, Weiss admitted in his statement of material facts that a copy of the note, endorsed in blank, was attached to the complaint (see Kuehne & Nagel v Baiden, 36 NY2d 539, 544; 1140 LLC v Meis Studio Inc., 225 AD3d 516, 516).
Pursuant to RPAPL 1304(1), "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "A plaintiff demonstrates its compliance with the statute by proof of the requisite mailing, which can be established [by] proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (NS194, LLC v Gregg, 231 AD3d 1162, 1162-1163 [internal quotation marks omitted]; see HSBC Mtge. Corp. USA v Tehrani, 229 AD3d 772, 776). Here, the plaintiff submitted copies of the 90-day notices that were mailed to Weiss. The plaintiff also submitted, among other things, an affidavit from a representative of the mortgage loan servicer, who stated that she had personal knowledge of the standard office procedure designed to ensure that items are properly addressed and mailed and that those procedures were followed in this case. The representative attached tracking information that was created by the servicer and maintained in its regular course of business, which indicated that the notices were sent to Weiss at the mortgaged property and at his attorney's address by both certified and regular mail. In addition, Weiss admitted in his statement of material facts that "there is no issue of fact that an RPAPL § 1304 90 Day Notice was mailed" to him at the mortgaged property and at his attorney's address (see Kuehne & Nagel v Baiden, 36 NY2d at 544; 1140 LLC v Meis Studio Inc., 225 AD3d at 516). These submissions were sufficient to establish, prima facie, that the plaintiff strictly complied with RPAPL 1304 (see Wells Fargo Bank, N.A. v Benitez, 194 AD3d 986, 987-988; Wells Fargo Fin. Credit Servs. N.Y., Inc. v Mammen, 191 AD3d 737, 739).
RPAPL 1306 provides, in pertinent part, that within three business days of the mailing of the foreclosure notice pursuant to RPAPL 1304(1), every lender or assignee "shall file" certain information with the superintendent of financial services, including "at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage, and such other information as will enable the superintendent to ascertain the type of loan at issue" (id. § 1306[1], [2]). A proof of filing statement from the New York State Department of Financial Services is sufficient to establish, prima facie, that the plaintiff complied with RPAPL 1306 (see Ditech Servicing, LLC v McFadden, 217 AD3d 923, 927; MTGLQ Invs., L.P. v Assim, 209 AD3d 1006, 1008). Here, the plaintiff demonstrated, prima facie, its compliance with RPAPL 1306 by submitting a copy of a proof of filing statement from the New York State Department of Financial Services that conformed with the requirements of the statute (see Ditech Servicing, LLC v McFadden, 217 AD3d at 927; MTGLQ Invs., L.P. v Assim, 209 AD3d at 1008).
In opposition to the plaintiff's prima facie showing of entitlement to summary judgment on the complaint insofar as asserted against Weiss, Weiss failed to raise a triable issue of fact.
Weiss's remaining contentions are without merit.
CONNOLLY, J.P., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court