Nationstar Mtge., LLC v Tabick (2021 NY Slip Op 02399)





Nationstar Mtge., LLC v Tabick


2021 NY Slip Op 02399


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-08772
 (Index No. 509027/14)

[*1]Nationstar Mortgage, LLC, respondent,
v
Christopher Tabick, et al., appellants., et al., defendants.


The Mortner Law Office, P.C., New York, NY (Moshe Mortner of counsel), for appellants.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Margaret S. Stefandl of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Christopher Tabick and Jennifer L. Tabick appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Noach Dear, J.), dated September 16, 2019. The order and judgment of foreclosure and sale, upon two orders of the same court, both dated May 7, 2018, inter alia, granting those branches of the plaintiff's renewed motion which were for summary judgment on the complaint insofar as asserted against the defendants Christopher Tabick and Jennifer L. Tabick and for an order of reference, among other things, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
On July 11, 2006, the defendant Christopher Tabick executed a note in favor of First Magnus Financial Corporation in the sum of $1,000,000. The note was secured by a mortgage executed by Christopher Tabick and the defendant Jennifer L. Tabick (hereinafter together the appellants) encumbering certain real property located in Brooklyn. Through a series of assignments, the mortgage was assigned to the plaintiff.
In October 2014, the plaintiff commenced this action to foreclose the mortgage against the appellants and others. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the appellants. In an order dated September 6, 2017, the Supreme Court denied the motion without prejudice to the making of a second motion for the same relief. The plaintiff subsequently moved, among other things, for summary judgment on the complaint insofar as asserted against the appellants and for an order of reference. In two orders, both dated May 7, 2018, the court granted, inter alia, those branches of the plaintiff's renewed motion. In an order and judgment of foreclosure and sale dated September 16, 2019, the court, among other things, confirmed the referee's report and directed the sale of the subject property. This appeal ensued.
"A plaintiff has standing to maintain a mortgage foreclosure action where it is the [*2]holder or assignee of the underlying note at the time the action is commenced" (U.S. Bank Trust, N.A. v O'Driscoll, 168 AD3d 783, 784). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (id. at 784-785 [internal quotation marks omitted]).
Here, contrary to the appellants' contention, the plaintiff demonstrated, prima facie, that it had standing to commence this action, by submitting business records with a proper foundation, establishing that a file containing the original note, endorsed in blank, was transferred to the plaintiff in November 2013, which was almost a year before it commenced this action in October 2014, and remained in the plaintiff's possession after being transferred to it (see U.S. Bank N.A. v Ehrenfeld, 144 AD3d 893, 894). In opposition, the appellants failed to raise a triable issue of fact. Accordingly, the Supreme Court correctly granted those branches of the plaintiff's renewed motion which were for summary judgment on the complaint insofar as asserted against the appellants and for an order of reference.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court