Bank of Am., N.A. v Bloom (2022 NY Slip Op 00839)





Bank of Am., N.A. v Bloom


2022 NY Slip Op 00839


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-07692
 (Index No. 8425/10)

[*1]Bank of America, N.A., etc., appellant,
v
Akivah Bloom, respondent, et al., defendants.


McCalla Raymer Leibert Pierce, LLC, New York, NY (Daniel S. LoPresti of counsel), for appellant.
Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Wavny Toussaint, J.), dated March 6, 2019. The judgment, after a nonjury trial, is in favor of the defendant Akivah Bloom and against the plaintiff dismissing the complaint and directing the cancellation of the notices of pendency filed against the subject property.
ORDERED that the judgment is reversed, on the law, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith and thereafter the entry of an appropriate judgment in favor of the plaintiff and against the defendant Akivah Bloom.
In April 2010, the plaintiff commenced this action against the defendant Akivah Bloom (hereinafter the defendant), among others, to foreclose a mortgage. The defendant interposed an answer in which he asserted various affirmative defenses, including lack of standing. In November 2012, the plaintiff assigned the mortgage to Nationstar Mortgage, LLC (hereinafter Nationstar). After a nonjury trial, the Supreme Court found that the plaintiff failed to lay a proper foundation for the admission of documents essential to establishing its prima facie case. Thereafter, the court issued a judgment in favor of the defendant and against the plaintiff dismissing the complaint and directing the cancellation of the notices of pendency filed against the subject property. The plaintiff appeals, and we reverse.
To establish a prima facie case in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (see Wells Fargo Bank, N.A. v Reed, 190 AD3d 785, 785; Wells Fargo Bank, NA v Apt, 179 AD3d 1145, 1147). Additionally, where, as here, a plaintiff's standing is put into issue by the defendant, the plaintiff must prove its standing in order to be entitled to relief (see Wells Fargo Bank, N.A. v Reed, 190 AD3d at 785). A plaintiff in a mortgage foreclosure action establishes its standing by demonstrating that "it was the holder or assignee of the underlying note at the time the action was commenced" (US Bank N.A. v Nelson, 169 AD3d 110, 114, affd 36 NY3d 998; see Wells Fargo Bank, N.A. v Frankson, 157 AD3d 844, 845).
In reviewing a determination made after a nonjury trial, this Court's power is as broad [*2]at that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case that the trial court had the advantage of seeing and hearing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Countrywide Home Loans, Inc. v Gibson, 157 AD3d 853, 855).
Here, the plaintiff established its standing through, inter alia, the testimony of Zachary Chromiak, an assistant vice president of the plaintiff, along with a copy of the note (see CPLR 4539[a]; Kaliontzakis v Papadakos, 69 AD3d 803, 805). Thus, the Supreme Court erred, after initially admitting the copy of the note into evidence, in later reversing its earlier determination. The defendant's contention that the copy of the note was inadmissible because the plaintiff failed to satisfy the requirements of CPLR 4539(b) is unpreserved for appellate review (see Calero v Statewide Stor. Sys., Inc., 187 AD3d 978, 979).
The plaintiff also established the defendant's default in payment through Chromiak's testimony, along with a document described as the plaintiff's payment history for the loan. Contrary to the Supreme Court's determination, the plaintiff laid a proper foundation for the admission of the payment history as a business record under the business records exception to the hearsay rule, as Chromiak's testimony satisfied the statutory requirements under CPLR 4518 (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205). Contrary to the defendant's contention, Chromiak's testimony was sufficient to establish that the plaintiff's employees were under a business duty to enter information regarding receipt of payments with respect to loans serviced by the plaintiff (see id. at 205). Also contrary to the defendant's contention, Chromiak's testimony established that the information contained in the payment history was information contained in the "systematic, routine, day-by-day records which are the focus of the business records exception" (Flaherty v American Turners N.Y., 291 AD2d 256, 258).
Furthermore, a "detail transaction history," introduced through the testimony of Edward Hyne, a senior assistant secretary of Nationstar, the current loan servicer, was also admissible as a business record. Although the detail transaction history contained information as to payments on the loan which was originally entered by the plaintiff, the original loan servicer, Hyne testified that the plaintiff's business records for the subject loan were incorporated into Nationstar's records and that records received from a prior loan servicer were routinely relied upon by Nationstar in its own business (cf. Wells Fargo Bank, N.A. v Hirsch, 186 AD3d 1458, 1459).
In order to demonstrate compliance with RPAPL 1304, a plaintiff must provide proof of the actual mailing of the notice required by the statute, or proof of a standard office mailing procedure, sworn to by someone with personal knowledge of the procedure (see Federal Natl. Mtge. Assn. v Davis, 180 AD3d 1004, 1005; Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21). Here, the plaintiff established a certified mailing of the notice by submitting a copy of the notice containing a 20-digit United States Postal Service (hereinafter USPS) tracking number, along with a copy of a certified mail return receipt, indicating that the notice was received by the defendant on December 29, 2009. Moreover, the plaintiff established a mailing of the notice by first-class mail by submitting a copy of the notice with a 10-digit USPS tracking number, along with a "TrackRight" report generated by Walz Group, LLC (hereinafter Walz), the entity that mailed the notices on behalf of the plaintiff, which indicated that the notice was mailed by first-class mail. Contrary to the Supreme Court's determination and the defendant's contention, the plaintiff laid a proper foundation for the admission of the TrackRight report, evidencing a first-class mailing, through Chromiak's testimony that he was familiar with the mailing practices and procedures of Walz (cf. U.S. Bank, N.A. v Onuogu, 188 AD3d 756, 757).
In light of the foregoing, the Supreme Court's determination that the plaintiff failed to establish by admissible evidence its prima facie case was not warranted by the facts. Accordingly, we remit the matter to the Supreme Court, Kings County, for a determination of the amount due to the plaintiff and thereafter the entry of an appropriate judgment in favor of the plaintiff and against the defendant.
We decline the plaintiff's request that this Court substitute Nationstar as the plaintiff. [*3]Since no motion was made for that relief, the request is not properly before this Court (see Lojano v Soiefer Bros. Realty Corp., 187 AD3d 1160, 1164).
RIVERA, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court