JPMorgan Chase Bank, N.A. v Esparza (2023 NY Slip Op 00416)

JPMorgan Chase Bank, N.A. v Esparza

2023 NY Slip Op 00416

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2020-01414
2020-02911
 (Index No. 502637/15)

[*1]JPMorgan Chase Bank, National Association, etc., respondent, 
v
Joseph Esparza, et al., appellants, et al., defendants.

Jacobowitz Newman Tversky, LLP, Cedarhurst, NY (Evan M. Newman and Aviva Francis of counsel), for appellants.
Friedman Vartolo, LLP, New York, NY (Michael Eskenazi of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Joseph Esparza and Mill 407, LLC, appeal from (1) an order of the Supreme Court, Kings County (Kathy J. King, J.), dated January 7, 2020, and (2) an order of the same court dated February 14, 2020. The order dated January 7, 2020, insofar as appealed from, after a nonjury trial, denied the oral application of those defendants pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the complaint insofar as asserted against them and, in effect, referred the matter to a referee to ascertain and compute the amount due to the plaintiff. The order dated February 14, 2020, insofar as appealed from, referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that on the Court's own motion, the notices of appeal from the orders are deemed to be applications for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the orders are affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On July 31, 2007, the defendant Joseph Esparza executed a note in the sum of $786,000 in favor of United Northern Mortgage Bankers, Ltd., which was secured by a mortgage on certain property located in Brooklyn. The note and mortgage were subsequently transferred and assigned, respectively, to Chase Home Finance, LLC. In May 2011, that entity merged with and into the plaintiff, JPMorgan Chase Bank, National Association. In March 2015, the plaintiff commenced this action to foreclose the mortgage. Esparza and the defendant Mill 407, LLC (hereinafter together the defendants), answered the complaint, asserting affirmative defenses, including lack of standing. Following a nonjury trial, in an order dated January 7, 2020, the Supreme Court, among other things, denied the defendants' oral application pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the complaint insofar as asserted against them, and, in effect, referred the matter to a referee to ascertain and compute the amount due to the plaintiff. In an order dated February 14, 2020, the court, inter alia, referred the matter to a referee to ascertain and compute the amount due to the plaintiff. The defendants appeal from both orders.
"In reviewing a determination made after a nonjury trial, this Court's power is as broad at that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case that the trial court had the advantage of seeing and hearing the witnesses" (Bank of Am., N.A. v Bloom, 202 AD3d 736, 737; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499).
Where, as here, a defendant places standing in issue, the plaintiff must prove its standing in order to be entitled to relief (see U.S. Bank N.A. v Fabbro, 192 AD3d 1178, 1178; 21st Mtge. Corp. v Broderick, 191 AD3d 744, 746). "A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced" (U.S. Bank N.A. v Fabbro, 192 AD3d at 1179; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (21st Mtge. Corp. v Rudman, 201 AD3d 618, 620, quoting U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754). "Where, as here, the note is endorsed to the plaintiff, but the endorsement is undated, the purported holder of the note must establish its standing by demonstrating that the original note was physically delivered to it prior to the commencement of the action" (Wells Fargo Bank, N.A. v Meisels, 177 AD3d 812, 814 [internal quotation marks omitted]; see UCC 3-104[2][d]; 1-201[b][21][A]; 3-301).
Here, the plaintiff established its standing by demonstrating that it had physical possession of the original note, endorsed to the plaintiff, at the time the action was commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; Wells Fargo Bank, N.A. v Inigo, 164 AD3d 545, 546; CitiMortgage, Inc. v McKinney, 144 AD3d 1073, 1074-1075). The plaintiff was not required to provide factual details regarding the exact date the note was delivered or endorsed in order to establish that possession was obtained prior to commencement of the action (see M & T Bank v Barter, 186 AD3d 698, 701; Deutsche Bank Natl. Trust Co. v Murray, 176 AD3d 1172, 1174). Moreover, contrary to the defendants' contention, the plaintiff was not required to submit proof that the person who endorsed the subject note to the plaintiff on behalf of the original lender was authorized to do so. "A signature on a negotiable instrument 'is presumed to be genuine or authorized'" (CitiMortgage, Inc. v McKinney, 144 AD3d at 1074, quoting UCC 3-307[1][b]; see JPMorgan Chase Bank, N.A. v Newton, 203 AD3d 902, 905), and the defendants here failed to overcome the presumption of regularity (see UCC 1-206; Goldman Sachs Mtge. Co. v Mares, 166 AD3d 1126, 1129-1130).
The defendants' challenges to the validity and timing of the assignment of mortgage are irrelevant to the issue of the plaintiff's standing to foreclose, as the mortgage is not the dispositive document of title (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362; Citimortgage, Inc. v Zagoory, 198 AD3d 715, 717; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645). Finally, the post-commencement transfer of the note and mortgage did not divest the plaintiff of its standing (see CPLR 1018; GRP Loan, LLC v Taylor, 95 AD3d 1172, 1174; CitiMortgage, Inc. v Rosenthal, 88 AD3d 759, 761).
Accordingly, the Supreme Court properly denied the defendants' oral application pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against them, and properly referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
BRATHWAITE NELSON, J.P., WOOTEN, GENOVESI and WARHIT, JJ., concur.

2020-01414 DECISION & ORDER ON MOTION
2020-02911
JPMorgan Chase Bank, National Association, etc.,
respondent, v Joseph Esparza, et al., appellants,
et al., defendants.
(Index No. 502637/15)

Motion by the respondent, inter alia, to strike stated portions of the appellants' brief on the ground that they raise arguments for the first time on appeal. By decision and order on motion of this Court dated November 27, 2020, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeals, it is
ORDERED that the branch of the motion which is to strike stated portions of the appellants' brief is denied.
BRATHWAITE NELSON, J.P., WOOTEN, GENOVESI and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court