Bank of N.Y. Mellon Trust Co., N.A. v Baskin (2023 NY Slip Op 03845)

Bank of N.Y. Mellon Trust Co., N.A. v Baskin

2023 NY Slip Op 03845

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2021-01810
 (Index No. 709153/20)

[*1]Bank of New York Mellon Trust Company, N.A., etc., respondent, 
v
Yefim Baskin, et al., appellants, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (James Tierney, Serge F. Petroff, and Steven Amshen of counsel), for appellants.
Hinshaw & Culbertson LLP, New York, NY (Brian S. McGrath of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Yefim Baskin and Rita Baskin appeal from a judgment of foreclosure and sale of the Supreme Court, Queens County (Mojgan C. Lancman, J.), entered December 29, 2020. The judgment of foreclosure and sale, upon a decision of the same court entered October 29, 2020, made after a nonjury trial, inter alia, directed the sale of the subject property. Justice Miller has been substituted for Justice Zayas (see NYCRR 1250.1[b]).
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
In March 2007, the defendants Yefim Baskin and Rita Baskin (hereinafter together the defendants) executed a Consolidation, Extension, and Modification Agreement (hereinafter the CEMA), which included a consolidated note and a consolidated mortgage. The CEMA created a lien on certain real property located in Queens in the amount of $550,000 in favor of the plaintiff's predecessor in interest.
In 2010, the defendants defaulted on their repayment obligations under the CEMA. On September 28, 2010, the plaintiff commenced this action to foreclose the consolidated mortgage. Thereafter, the plaintiff filed and served a supplemental summons and amended complaint, and the defendants interposed an answer to the amended complaint.
At a nonjury trial, the plaintiff relied on various documents and testimony from an employee of its loan servicer. The defendants submitted only one exhibit, a copy of the original summons and complaint with exhibits, which was not the operative pleading at the time of trial, and they did not call any witnesses or testify on their own behalf. After the trial, the Supreme Court issued a decision finding, inter alia, that the plaintiff's witness was "credible in all respects," that the plaintiff established its prima facie entitlement to judgment as a matter of law, and that the defendants waived all of their defenses pursuant to the terms of the CEMA. The court subsequently entered a judgment of foreclosure and sale in favor of the plaintiff, and directed the sale of the property. The defendants appeal.
"To establish a prima facie case in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default" (Bank of Am., N.A. v Bloom, 202 AD3d 736, 736; see Wells Fargo Bank, NA v Apt, 179 AD3d 1145, 1147). Additionally, where, as here, a plaintiff's standing is put into issue by one or more defendants, the plaintiff must prove its standing in order to be entitled to relief (see Bank of Am., N.A. v Bloom, 202 AD3d at 736). A plaintiff in a mortgage foreclosure action establishes its standing by demonstrating that "it was the holder or assignee of the underlying note at the time the action was commenced" (US Bank N.A. v Nelson, 169 AD3d 110, 114, affd 36 NY3d 998). "A plaintiff may establish, prima facie, its standing as the holder of the note by demonstrating that a copy of the note, including an endorsement in blank, was among the exhibits annexed to the complaint at the time the action was commenced" (JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1515; see Residential Mtge. Loan Trust 2013-TT2 v Kaodichimma, 212 AD3d 742, 743).
In reviewing a determination made after a nonjury trial, this Court's power is as broad at that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case that the trial court had the advantage of seeing and hearing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Bank of Am., N.A. v Bloom, 202 AD3d at 736-737).
Here, the Supreme Court determined that the plaintiff established its prima facie entitlement to judgment as a matter of law through the production of the mortgage, the unpaid note, and evidence of default. The defendants do not challenge this determination but instead rely on several affirmative defenses, including lack of standing.
Contrary to the defendants' contention, the plaintiff established its standing by demonstrating that it had physical possession of the consolidated note, endorsed in blank, at the time the action was commenced (see Ridgewood Sav. Bank v Glickman, 197 AD3d 1189; Deutsche Bank Natl. Trust Co. v Benson, 179 AD3d 767, 768). The defendants failed to rebut this showing.
Further, contrary to the defendants' contention, the plaintiff established its strict compliance with RPAPL 1304. RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "Proof of mailing is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that the items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (MTGLQ Invs., L.P. v Assim, 209 AD3d 1006, 1008; see U.S. Bank Trust, N.A. v Chiramannil, 205 AD3d 966, 967). At the trial, the plaintiff established its compliance with RPAPL 1304 by submitting, among other things, copies of the 90-day notices, testimony as to the loan servicer's standard office mailing procedure, and testimony demonstrating that the 90-day notices were mailed in accordance with the statute (see Wells Fargo Bank, N.A. v Cherot, 197 AD3d 773, 776). The defendants, who did not testify, did not deny receipt of the RPAPL 1304 notice.
Contrary to the defendants' contention, the plaintiff established that it complied with the notice provision of paragraph 22 of the consolidated mortgage, which provides, in pertinent part that, if the borrower defaults, the lender must send the borrower a notice of default at least 30 days prior to commencing a foreclosure action. At trial, the plaintiff submitted, among other things, notices of default, both dated July 31, 2010, and presented testimony that the plaintiff's predecessor in interest sent the subject notices to the defendants by first class mail on July 31, 2010, consistent with its established procedures for mailing such notices (see U.S. Bank N.A. v Callender, 176 AD3d 1249, 1251). The defendants, who did not testify, did not deny receipt of the notices of default.
The defendants' contention that the plaintiff failed to meet its prima facie burden with respect to its compliance with RPAPL 1303 is improperly raised for the first time on appeal (see Telaro v Telaro, 25 NY2d 433, 439; U.S. Bank N.A. v Brown, 186 AD3d 1038, 1040; Robles v Brooklyn-Queens Nursing Home, Inc., 131 AD3d 1032, 1033).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, we affirm the judgment of foreclosure and sale.
DUFFY, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court