U.S Bank, N.A. v Crick (2024 NY Slip Op 51783(U))

[*1]

U.S Bank, N.A. v Crick

2024 NY Slip Op 51783(U)

Decided on December 12, 2024

Supreme Court, Kings County

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 12, 2024
Supreme Court, Kings County

U.S Bank, National Association, as Successor Trustee to Bank of America, N.A., 
 as Successor to Lasalle Bank, N.A., as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-H1, Plaintiff,

against
Merlene Crick, New York City Environmental Control Board, New York City Parking Violations Bureau, New York City Transit Adjudication Bureau and "Jhon Doe" and "Mary Doe," (Said names being fictitious, it being the intention of the plaintiff to designate any and all occupants, tenants, persons or corporations, if any, having or claiming in interest in or lien upon the premises being foreclosed herein.), Defendants.

Index No. 507500/2013

Attorneys for Plaintiffs
Daniel Scott Lopresti, Esq.
Mccalla Raymer Leibert Pierce, LLC
485 Route 1 South Bdg F., Suite 300
Iselin, NJ 08830
(732) 692-6855
Attorneys for Defendant Merlene Crick
Catherine Pugh Isobe, Esq.
Ricky He, Esq.
Brooklyn Legal Services
27 Albany Avenue, 2nd Floor
Brooklyn, NY 11216
(718) 233-6434

Francois A. Rivera, J.

The following is the decision, order, and judgment after a non-jury trial in the instant action to foreclose a mortgage brought by plaintiff U.S Bank, National Association, as Successor Trustee To Bank of America, N.A., As Successor To Lasalle Bank, N.A., as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-H1 (hereinafter plaintiff or USBNA) against defendant Merlene Crick (hereinafter [*2]defendant or Crick).
BACKGROUND
On November 27, 2013, USBNA commenced the instant action to foreclose a mortgage by filing a summons, complaint, notice of pendency and a certificate of merit (hereinafter the commencement papers) with the Kings County Clerk's office (KCCO). The complaint contains nineteen allegations of fact in support of a single cause of action to foreclose a mortgage.
The complaint alleges, in pertinent part, the following salient facts. On July 30, 2007, defendant executed a note (hereinafter the subject note) in favor of First Franklin Financial Corp, USBNA's predecessor in interest, in the amount of $646,900.00. On the same day, defendant executed a mortgage (hereinafter the subject mortgage) to secure the note encumbering certain real property in Kings County. Defendant allegedly defaulted on the note and mortgage by not making payments that became due on December 1, 2007, or thereafter. First Franklin Financial Corp. stated that pursuant to an acceleration provision contained in the subject note and mortgage, it had elected to accelerate the whole of the principal sum due. Defendant allegedly failed to cure the alleged default.
On August 28, 2018, defendant filed an amended answer with counterclaims with the KCCO. The verified answer asserts four affirmative defenses and one counterclaim.The first affirmative defense is that the plaintiff lacks standing. The second affirmative defense is for unconscionability. The third affirmative defense is a failure to comply with RPAPL 1306. The fourth affirmative defense is failure to comply with RPAPL 1303. The sole counterclaim alleges that the plaintiff violated the Real Settlement and Procedures Act. The affirmative defenses and counterclaim were misnumbered.
On December 27, 2013, USBNA interposed and filed a reply to the defendant's counterclaim. On April 4, 2019, USBNA filed a note of issue.
By order issued on February 16, 2023, the Court scheduled a bench trial for June 6, 2023. By stipulation the trial was adjourned to September 12, 2023, then to October 3, then to November 15, and eventually was commenced on March 5, 2024. 
By so ordered stipulation dated March 4, 2024, the defendant withdrew, with prejudice, the affirmative defenses alleging unconscionability and the failure to comply with RPAPL §§ 1304 and 1306. The defendant also withdrew with prejudice the counterclaim alleging that the plaintiff violated the Real Settlement and Procedures Act.
THE TRIAL
The bench trial commenced on March 5, 2024, and continued May 7, 2024. The action is a foreclosure action involving a residential home loan and real property located at 34 Troy Avenue, Brooklyn, New York (the subject property). Plaintiff called two witnesses, Kristen Trompisz, the Principal Litigation Ambassador at Nationstar Mortgage d/b/a Mr. Cooper and Zachary Chromiak, the Consumer Resolution Associate and Vice President at Bank of America, N. A.
The defendant did not call any witnesses. By stipulation dated March 4, 2024, the defendant waived all defenses and counterclaims other than the defenses challenging plaintiff's standing and challenging the content of the RPAPL 1303 notice served on the defendant.
Plaintiff introduced the following document numbered exhibits 1 through 20 as follows:
1. Copy of Adjustable rate Note dated July 30, 20074
2. Certified copy of Mortgage dated July 30, 2007
3. Certified copy of Assignment of Mortgage dated April 9, 2008
4. Certified copy of Assignment of Mortgage dated March 9, 2009
5. Certified copy of Assignment of Mortgage dated June 26, 2013
6. Certified copy of Assignment of Mortgage dated July 16, 2013
7. Nationstar Mortgage LLC Welcome Letter dated July 12, 2013
8. Power of Attorney from U.S. Bank to Nationstar Mortgage dated July 16, 2013
9. Affidavit of Service sworn to on December 11, 2013
10. RPAPL 1303 Notice
11. Files Tracking History Report
12. Nationstar payment history
13. Affidavit of Merlene Crick sworn to on August 2, 2016 (ID only)
14. Affidavit of Merlene Crick sworn to on August 2, 2016 with exhibits attached thereto
15. Bank of America welcome letter dated September 15, 2010
16. Bank of America goodbye letter dated June 10, 2013
17. Power of Attorney from U.S. Bank to Bank of America dated April 25, 2013
18. RPAPL 1304 90-day Notice dated June 24, 2013 (first class mail)
18A. Trackright transaction detail for service of 90-day Notice by first class mail
19. RPAPL 1304 90-day Notice dated June 24, 2013 (certified mail)
19A. Trackright transaction detail for service of 90-day Notice by certified mail
19B. Mailbook for certified mailing on June 26, 2013
20. RPAPL 1306 proof of filing
Defendant introduced the following document labeled A through F as follows:
A. Certified copy of industry letter
B. Copy of Summons and Complaint, Index Number 507500/2013, with exhibits
C. Copy of Certificate of Merit, Index Number 507500/2013
D. Copy of Affidavit of Merit of Michael Woods dated September 10, 2014
E. Copy of Affidavit of Merit by Frank Rosas dated January 19, 2016, with exhibit A
F. Copy of Affidavit of Merit by Frank Rosas, Vice President of Nationstar
Pursuant to CPLR 4213, the parties were afforded an opportunity to submit proposed findings of fact and post-trial memorandums of law and in fact did so.
FINDINGS OF FACT
1. Defendant executed a Promissory Note dated July 30, 2007, promising to pay First Franklin Financial Corp., $646,000.00 (Plaintiff's exhibit one).
2. Defendant executed a mortgage dated July 30, 2007, in the amount of $646,000.00 (hereinafter "Mortgage") encumbering the subject property as security for payment of the Note (Plaintiff's exhibit two).
3. The Mortgage was assigned from Mortgage Electronic Registration System, Inc., acting solely as a nominee for First Franklin Financial Corp., an OP.SUB. of MLB&T Co., FSB to LaSalle Bank National Association, as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-H by Assignment dated February 1, 2008 (Plaintiff's exhibit three).
4. The February 1, 2008, assignment was corrected by correcting Assignment of Mortgage from Mortgage Electronic Registration Systems, Inc., acting solely as nominee for [*3]First Franklin Financial Corp., an OP.SUB. of MLB&T Co., FSB to LaSalle Bank National Association, as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-H1 dated February 12, 2009 (Plaintiff's exhibit four).
5. The February 12, 2009, assignment was corrected by Correction Assignment of Mortgage from Mortgage Electronic Registration System, Inc., acting solely as a nominee for First Franklin Financial Corp., an OP.SUB. of MLB&T Co., FSB to First Franklin Financial Corporation by Assignment date April 12, 2013 (Plaintiff's exhibit five).
6. The Mortgage was further assigned from First Franklin Financial Corp. to plaintiff by assignment of Mortgage dated June 14, 2013 (Plaintiff's exhibit six).
7. On November 27, 2013, USBNA commenced the instant action to foreclose a mortgage by filing a summons, complaint, notice of pendency and a certificate of merit (hereinafter the commencement papers) with the Kings County Clerk's Office (KCCO). Plaintiff attached a four-page promissory note to the complaint. (Defendant's exhibit B).
8. The same four-page note was attached as an exhibit to three of Plaintiff's pre-trial filings (Defendant's exhibit B-E).
9. At trial, Plaintiff produced a different version of the note — a seven-page promissory note consisting of the four pages attached to the complaint, along with three pages of addenda to the note.
10. Plaintiff did not attach the seven-page promissory note — which comprised of a complete copy of the note to the complaint filed with the commencement papers.
11. By notice of motion filed on April 14, 2016, under motion sequence number three (hereinafter the April 2016 motion), plaintiff moved pursuant to CPLR 3212 seeking for an order granting summary judgment in its favor on the action for foreclosure against the defendant, and others.
12. In support of the April 2016 motion, plaintiff submitted an affidavit of Frank Rosa, the vice president of Nationstar Mortgage LLC, the servicer of the subject mortgage loan (NYSCEF 53). 
13. The plaintiff submitted the same affidavit again (NYSCEF 71).
13. In paragraph two of the affidavit, Frank Rosa averred that Nationstar, as servicer of the plaintiff came into possession of the original note, endorsed in blank, on April 17, 2015, and remained the holder of same. 
14. By decision and order dated November 15, 2016, motion sequence number three was denied.
15. Contrary to Ms. Trompisz's trial testimony that Nationstar had obtained physical possession of the original note on July 6, 2013, the affidavit of Frank Rosa, submitted twice to the Court in support of plaintiff's unsuccessful summary judgment motions, stated that Nationstar came into possession of the subject note on April 17, 2015, after commencement of this action on November 27, 2013. (Defendant's exhibit E and F).
12. As admitted by Ms. Trompisz, Nationstar's January 19, 2016, affidavit attesting to the acquisition of the subject note in 2015 matched an entry in the Files Tracking History Report that Ms. Trompisz relied upon for her testimony that Nationstar had obtained the note in 2013:
"Q. And, you see where it says Nationstar came into possession of the original note on April 17, 2015?
A. Yes, I do.
Q. And this Exhibit 11 shows activity on April 17, 2015, correct?
A. That's correct.
Q. And it lists boxes B-0-0-1-2-9-5-Y-0-5; correct?
A. Correct.
Q. And in fact, isn't this the first time that there is a location. The previous 1, 2, 3, 4 entries don't show an actual location for the collateral file, do they?
A. No, they do not." (Plaintiff's exhibit 11; Defendant's exhibit E).
LAW AND APPLICATION
"[A] plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Capital One, N.A. v McComb, 180 AD3d 743, 743-44 [2d Dept 2020]; Bank of NY Mellon Trust Co., N.A. v Baskin, 218 AD3d 633, 634 [2d Dept 2023]). "Additionally, where a plaintiff's standing is put into issue" by a defendant, "the plaintiff must prove its standing to be entitled to relief" (Bank of NY Mellon Trust Co., N.A., 218 AD3d at 634. "A plaintiff in a mortgage foreclosure action establishes its standing by demonstrating that 'it was the holder or assignee of the underlying note at the time the action was commenced'" (id.). "A plaintiff may establish, prima facie, its standing as the holder of the note by demonstrating that a copy of the note, including an endorsement in blank, was among the exhibits annexed to the complaint at the time the action was commenced" (id., citing US Bank N.A. v Nelson, 169 AD3d 110, 114 [2d Dept 2019], affd 36 NY3d 998 [2020]). Where standing is challenged by a defendant, "the plaintiff must prove its standing in order to be entitled to relief." (HSBC Bank USA, N.A. v Herod, 203 AD3d 805, 807 [2d Dept 2022], citing Bayview Loan Servicing, LLC v Kelly, 166 AD3d 843, 845 [2d Dept 2018].
"A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note." (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828 [2d Dept 2016], citing Aurora Loan Servs., LLC v. Taylor, 25 NY3d 355, 361-62 [2015], and citing Wells Fargo Bank, N.A. v. Rooney, 132 AD3d 980, 981 [2d Dept 2015].
To be a holder of a note, a plaintiff must be in physical possession of a properly indorsed note (NY Uniform Commercial Code 1-201 [21]). "A note can [ ] be endorsed in blank, naming no specific payee, which makes it a bearer instrument under article 3 of the Uniform Commercial Code, so that any party that possesses the note has the legal authority to enforce it" (U.S. Bank N.A. v Moulton, 179 AD3d 734, 736-37 [2d Dept 2020], citing UCC 3-202 [1], and citing UCC 3-204 [2], and citing Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 685 [2d Dept 2016]).
Plaintiff has offered no explanation as to why the addenda to the promissory note were not submitted to the Court at commencement of this action, nor has plaintiff explained why it has submitted conflicting evidence as to when Nationstar allegedly came into possession of the promissory note. The affidavit of Frank Rosa attesting to physical possession of the note on April 17, 2015, conflicts with Ms. Trompisz's trial testimony. Frank Rosa's conflicting affidavit did not result in the granting of plaintiff's motion for summary judgment. Because plaintiff did not secure any formal grant of relief based upon Frank Rosa's prior sworn statement, it does not implicate the doctrine of inconsistent positions (see Lowinger v Lowinger, 303 AD2d 723, 724 [2d Dept 2003]). 
Rather, Frank Rosa's statement constitutes an informal judicial admission that is not conclusive but "is merely evidence of the fact or facts admitted" (Baje Realty Corp. v Cutler, 32 AD3d 307, 310 [1st Dept 2006], citing Prince, Richardson on Evidence § 8-219 [Farrell 11th [*4]ed]), "the circumstances of which may be explained at trial" (Baje Realty Corp., 32 AD3d at 310, citing Bogoni v Friedlander, 197 AD2d 281, 293 [1st Dept 1994], lv denied 84 NY2d 803 [1994]), or may be "weighed by the jury according to the underlying facts and circumstances" (Baje Realty Corp., 32 AD3d at 310, citing Pitt v Brough, 132 AD2d 836, 837 [3d Dept 1987]). 
Ms. Trompisz's testimony was based on knowledge of the plaintiff's record keeping business practices and procedures. When cross examined regarding the Tracking History Report entry indicating that Nationstar came into possession of the original note on April 17, 2015, she could not explain the discrepancy relying on her knowledge of the record keeping practices and procedure. Instead, she relied on her experience to explain the entry and the discrepancy.
The plaintiff, however, did not explain why the note attached to the summons and complaint, containing only four pages, was different from the seven-page note introduced at trial. It is apparent that the four-page note was not the complete note. This begs the question as to when the complete note was in the possession of the plaintiff. From the sworn testimony of Frank Rosa sworn to on January19, 2016 and Ms. Tropisz's trial testimony it is unclear.
Based on the unexplained inconsistent sworn testimony of Frank Rosa and Ms. Trompisz, the Court find that the preponderance of the credible evidence does not establish that the plaintiff obtained possession of the subject note prior to the commencement of the action. It is the plaintiff's burden to establish that it had standing to commence the instant action. It failed to meet that burden. Accordingly, the instant action is dismissed without prejudice. 
Considering the foregoing, it was unnecessary to address the defendant's contention pertaining to the alleged defects in the RPAPL 1303 notice.
CONCLUSION
Plaintiff did not have standing to commence the instant foreclosure action. It is therefore dismissed without prejudice.
The foregoing constitutes the decision and order of this Court.
ENTER:
J.S.C.