Christiana Trust v Larmond (2025 NY Slip Op 05664)

Christiana Trust v Larmond

2025 NY Slip Op 05664

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2022-02742
2022-02744
 (Index No. 510730/15)

[*1]Christiana Trust, etc., respondent, 
v
Philippa Larmond, etc., appellant, et al., defendants.

Mobilization for Justice, Inc., New York, NY (Christopher Fasano of counsel), for appellant.
Craig Stuart Lanza, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Philippa Larmond appeals from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated May 29, 2018, and (2) an order of the same court (Devin P. Cohen, J.) dated March 4, 2022. The order dated May 29, 2018, insofar as appealed from, denied the cross-motion of the defendant Philippa Larmond for summary judgment dismissing the complaint insofar as asserted against her. The order dated March 4, 2022, insofar as appealed from, upon a decision of the same court dated April 11, 2019 (Devin P. Cohen, J.), made after a nonjury trial on the issues of standing and compliance with RPAPL 1304, in effect, directed the entry of a judgment in favor of the plaintiff, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the appeal from the order dated May 29, 2018, is dismissed as academic in light of our determination on the appeal from the order dated March 4, 2022; and it is further,
ORDERED that on the Court's own motion, the notice of appeal from the order dated March 4, 2022, is deemed to be an application for leave to appeal from that order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated March 4, 2022, is reversed insofar as appealed from, on the facts, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment dismissing the complaint insofar as asserted against the defendant Philippa Larmond; and it is further,
ORDERED that one bill of costs is awarded to the defendant Philippa Larmond.
In September 2015, the plaintiff commenced this action against the defendant Philippa Larmond (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Brooklyn. The defendant interposed an answer and asserted various affirmative defenses, including, as relevant to this appeal, that the plaintiff lacked standing, and also asserted counterclaims.
In November 2017, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In February 2018, the defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against her on the grounds, among others, that the plaintiff lacked standing to commence the action and failed to comply with the notice requirements of RPAPL 1304. In an order dated May 29, 2018, the Supreme Court, among other things, denied those branches of the plaintiff's motion and the defendant's cross-motion and directed the parties to proceed to trial on the issues of standing and compliance with RPAPL 1304.
Thereafter, in a decision made after a nonjury trial dated April 11, 2019, the Supreme Court found, inter alia, that the plaintiff had standing to bring this action at the time the action was commenced and that the plaintiff complied with the requirements of RPAPL 1304.
In an order dated March 4, 2022, the Supreme Court, upon the decision, among other things, in effect, directed the entry of a judgment in favor of the plaintiff, and appointed a referee to compute the amount due to the plaintiff. The defendant appeals.
"'To establish a prima facie case in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default'" (Bank of N.Y. Mellon Trust Co., N.A. v Baskin, 218 AD3d 633, 634, quoting Bank of Am., N.A. v Bloom, 202 AD3d 736, 736). "'Moreover, where, as here, the issue of standing is raised by the defendants in their answer, the plaintiff must also prove its standing as part of its prima facie case'" (Residential Mtge. Loan Trust 2013-TT2 v Kaodichimma, 212 AD3d 742, 742, quoting Bethpage Fed. Credit Union v Luzzi, 177 AD3d 944, 946; see Citimortgage, Inc. v Sultan, 230 AD3d 1292, 1293). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note" (JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1515; see JPMorgan Chase Bank, N.A. v Esparza, 213 AD3d 655, 656).
Contrary to the defendant's contention, the plaintiff established its standing at the nonjury trial by demonstrating that it had physical possession of the note at the time the action was commenced (see Bank of N.Y. Mellon Trust Co., N.A. v Baskin, 218 AD3d at 635; JPMorgan Chase Bank, N.A. v Esparza, 213 AD3d at 657).
However, as the defendant correctly contends, the plaintiff failed to demonstrate its strict compliance with RPAPL 1304. "'Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action'" (Lakeview Loan Servicing, LLC v Swanson, 231 AD3d 801, 804-805, quoting U.S. Bank N.A. v Jeffrey, 222 AD3d 802, 804; see Emigrant Bank v Cohen, 205 AD3d 103, 109). When this action was commenced in 2015, RPAPL 1304(1) required that the notice sent to borrowers contain the following language: "As of . . . , your home loan is . . . days in default. Under New York State Law, we are required to send you this notice to inform you that you are at risk of losing your home. You can cure this default by making the payment of . . . dollars by . . ." (see L 2009, ch 507, § 1-a).
Here, at the nonjury trial, the plaintiff submitted the notice sent to the defendant, which omitted the cure date as required by the statute. Thus, the plaintiff failed to establish its compliance with RPAPL 1304 (see Sparta GP Holding Reo Corp. v Lynch, 186 AD3d 894, 895-896).
Accordingly, the Supreme Court should have directed dismissal of the complaint insofar as asserted against the defendant (see U.S. Bank N.A. v Kissi, 219 AD3d 1551, 1553).
DUFFY, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court