Waterfall Victoria Grantor Trust II, Series G v Shipatsiuk (2025 NY Slip Op 05841)

Waterfall Victoria Grantor Trust II, Series G v Shipatsiuk

2025 NY Slip Op 05841

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-02017
 (Index No. 4620/13)

[*1]Waterfall Victoria Grantor Trust II, Series G, respondent, 
v
Dzmitry Shipatsiuk, etc., et al., defendants, 3Q3 Q, Inc., appellant.

Petroff Amshen LLP, Brooklyn, NY (Steven Amshen and James Tierney of counsel), for appellant.
Kosterich & Skeete, LLC, White Plains, NY (Denise Singh-Skeete and Marvin M. Kelly of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant 3Q3 Q, Inc., appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Lawrence Knipel, J.), dated December 13, 2022. The order and judgment of foreclosure and sale, upon an order of the same court dated May 19, 2022, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the second amended complaint insofar as asserted against the defendant 3Q3 Q, Inc., and to strike that defendant's answer, inter alia, directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
On August 4, 2006, Dzmitry Shipatsiuk executed a note in the sum of $504,000 in favor of Fremont Investment & Loan. The note was secured by a mortgage on certain real property located in Brooklyn. Shipatsiuk allegedly defaulted on his obligations under the note and the mortgage agreement by failing to make the monthly payments due on January 1, 2007, and thereafter. After a series of assignments, the mortgage was assigned to Wells Fargo Bank, N.A. (hereinafter Wells Fargo).
On March 13, 2013, Wells Fargo commenced this action against, among others, Shipatsiuk and David Cohen, who owned the property, to foreclose the mortgage. Cohen interposed an answer in which he asserted various affirmative defenses, including that Wells Fargo lacked standing. Thereafter, Wells Fargo filed an amended complaint in February 2015.
In an order dated April 27, 2017, the Supreme Court denied Wells Fargo's motion, inter alia, for summary judgment on the amended complaint insofar as asserted against Cohen and for an order of reference on the ground that triable issues of fact existed as to whether Wells Fargo established its standing to commence the action. By deed dated July 26, 2017, Cohen conveyed the property to 3Q3 Q, Inc. (hereinafter 3Q3).
In October 2017, Wells Fargo again moved, among other things, for summary judgment on the amended complaint insofar as asserted against Cohen and for an order of reference. In support, Wells Fargo submitted, inter alia, an affidavit of Angela Farmer, a vice president of Rushmore Loan Management Services, LLC (hereinafter Rushmore), Wells Fargo's servicer and attorney-in-fact. Cohen opposed the motion, arguing, among other things, that Wells Fargo failed to establish its standing to commence the action. In an order dated May 23, 2018, the Supreme Court granted the motion and referred the matter to a referee to ascertain and compute the amount due to Wells Fargo.
On July 10, 2018, Enadia Pierce, an assistant vice president of Rushmore, executed two affidavits of missing or lost assignment in which she acknowledged that there were gaps in the chain of assignments of the mortgage. On the same date, Wells Fargo executed two "Gap Assignment[s] of Mortgage."
By assignment of mortgage dated July 24, 2018, Wells Fargo assigned the mortgage to Waterfall Victoria Grantor Trust II, Series G (hereinafter Waterfall). In an order dated November 12, 2020, the Supreme Court granted Waterfall's motion to serve a second amended complaint, inter alia, substituting it as the plaintiff and adding 3Q3 as a defendant. Thereafter, the plaintiff served a second amended complaint. 3Q3 interposed an answer in which it alleged, among other things, that Wells Fargo lacked standing to commence the action.
Waterfall subsequently moved, inter alia, for summary judgment on the second amended complaint insofar as asserted against 3Q3 and to strike 3Q3's answer. In support, Waterfall submitted, among other things, Farmer's affidavit and an affidavit of Erica Medrano, a "Foreclosure Team Lead" of Statebridge Company, LLC, Waterfall's servicer. In an order dated May 19, 2022, the Supreme Court granted the motion. Thereafter, the court, upon the order, issued an order and judgment of foreclosure and sale, inter alia, directing the sale of the property. 3Q3 appeals.
"[W]here, as here, the plaintiff's standing has been placed in issue by a defendant's answer, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment" (Nationstar Mtge., LLC v Shivers, 179 AD3d 931, 932). "A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced. Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Citimortgage, Inc. v Doomes, 202 AD3d 752, 753 [citation and internal quotation marks omitted]; see Lakeview Loan Servicing, LLC v Swanson, 231 AD3d 801, 803).
Here, in support of its motion, Waterfall submitted, among other things, Farmer's affidavit, which had been submitted in support of Wells Fargo's October 2017 motion, inter alia, for summary judgment. Farmer averred, based on her review of Wells Fargo's business records, that "[Wells Fargo] or its agent has been in possession of the original Note since May 29, 2009, which is a date prior to the commencement of this action on March 13, 2013." However, Farmer failed to attach to her affidavit the business record on which she relied for that assertion. Since "it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205), Farmer's affidavit was insufficient to establish that Wells Fargo had possession of the note when it commenced the action (cf. U.S. Bank N.A. v USA Brooklyn Enters., Inc., 232 AD3d 647). Moreover, in Medrano's affidavit, also submitted in support of Waterfall's motion, Medrano only attested to the delivery of the note on or before April 2, 2018, which was after the date of commencement.
However, a plaintiff may establish its standing to commence a mortgage foreclosure action by submitting, in support of its motion for summary judgment, a copy of the note, endorsed in blank, that was annexed to the complaint when it commenced the action (see U.S. Bank N.A. v Reddy, 220 AD3d 967, 970). Here, Waterfall demonstrated that a copy of the note, containing an endorsement in blank, was annexed to the complaint when the action was commenced on March 13, 2013. Moreover, the record establishes that the endorsement in blank was written either "on the [*2]instrument or on a paper so firmly affixed thereto as to become a part thereof" (UCC 3-202[2]). 3Q3's contention that the existence of two separate versions of the note precluded an award of summary judgment is without merit since the endorsements thereon were sufficient to confer standing under either version of the note (see Citimortgage, Inc. v Friedman, 109 AD3d 573, 574). In light of the foregoing, Waterfall established, prima facie, Wells Fargo's standing to commence the action.
In opposition, 3Q3 failed to raise a triable issue of fact. Under the circumstances presented, its challenges to the validity of the assignments of mortgage are irrelevant to the issue of Wells Fargo's standing to commence the action (see JPMorgan Chase Bank, N.A. v Esparza, 213 AD3d 655, 657).
Accordingly, the Supreme Court properly granted those branches of Waterfall's motion which were for summary judgment on the second amended complaint insofar as asserted against 3Q3 and to strike 3Q3's answer.
IANNACCI, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court