U.S. Bank N.A. v Speller

2026 NY Slip Op 02866

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

U.S. Bank National Association, etc., appellant,

v

Michael M. Speller, et al., respondents, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2024-08987, (Index No. 500088/22)

Francesca E. Connolly, J.P.

Valerie Brathwaite Nelson

Barry E. Warhit

Lourdes M. Ventura, JJ.

Friedman Vartolo LLP, Garden City, NY (Stephen J. Vargas of counsel), for appellant.

Michael M. Speller and Ellen M. Speller, sued herein as Ellen M. Fitzsimmons, Brewster, NY, respondents pro se.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated August 14, 2024. The order, after a nonjury trial, denied that branch of the plaintiff's motion which was for summary judgment dismissing the affirmative defense of the defendants Michael M. Speller and Ellen M. Fitzsimmons of lack of standing, sua sponte, directed dismissal of the complaint insofar as asserted against those defendants on the ground of lack of standing, and, sua sponte, directed that the plaintiff pay expenses to those defendants pursuant to Real Property Law § 282(1) .

ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint insofar as asserted against the defendants Michael M. Speller and Ellen M. Fitzsimmons on the ground of lack of standing and, sua sponte, directed that the plaintiff pay expenses to those defendants pursuant to Real Property Law § 282(1) is deemed to be an application for leave to appeal from those portions of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,

ORDERED that the order is reversed, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment dismissing the affirmative defense of the defendants Michael M. Speller and Ellen M. Fitzsimmons of lack of standing is granted.

The background facts and procedural history of this case are more fully set forth in this Court's decision and order on a related appeal (see U.S. Bank N.A. v Speller, ___ AD3d ___ [Appellate Division Docket No.2023-01252; decided herewith]). In an order dated October 31, 2023, the Supreme Court, inter alia, directed a nonjury trial pursuant to CPLR 3212(c) on that branch of the plaintiff's motion which was for summary judgment dismissing the affirmative defense of the defendants Michael M. Speller and Ellen M. Fitzsimmons (hereinafter together the defendants) of lack of standing. Following the nonjury trial on that issue, in an order dated August 14, 2024, the court denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' affirmative defense of lack of standing, sua sponte, directed dismissal of the complaint insofar as asserted against the defendants on the ground of lack of standing, and, sua sponte, directed [*2]that the plaintiff pay expenses to the defendants pursuant to Real Property Law § 282(1). The plaintiff appeals.

"In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case that the trial court had the advantage of seeing and hearing the witnesses" (U.S. Bank N.A. v Sakizada, 235 AD3d 800, 801; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499).

"A plaintiff in a mortgage foreclosure action establishes its standing by demonstrating that 'it was the holder or assignee of the underlying note at the time the action was commenced'" (U.S. Bank N.A. v Sakizada, 235 AD3d at 801-802, quoting U.S. Bank N.A. v Nelson, 169 AD3d 110, 114, affd 36 NY3d 998). Here, the plaintiff established its standing through, among other things, the testimony of Charles Brehm, who was a vice president of Computershare Delaware Trust Company (hereinafter Computershare), along with copies of a limited power of attorney and a transaction addendum (see U.S. Bank N.A. v Sakizada, 235 AD3d at 802; Bank of Am., N.A. v Bloom, 202 AD3d 736, 737; Deutsche Bank Natl. Trust Co. v Gordon, 181 AD3d 645, 646). Brehm's testimony laid a proper foundation for the admission of the limited power of attorney and the transaction addendum as business records under the business records exception to the hearsay rule (see CPLR 4518; Bank of Am., N.A. v Bloom, 202 AD3d at 737; Nationstar Mtge., LLC v Tabick, 193 AD3d 950, 951). These documents and Brehm's testimony established that Computershare was the custodian of the note on behalf of the plaintiff and that Computershare was in possession of the original note at the time this action was commenced (see HSBC Bank USA, NA v Thoppil, 227 AD3d 1056, 1058; Nationstar Mtge., LLC v Tabick, 193 AD3d at 951; U.S. Bank Trust, N.A. v O'Driscoll, 168 AD3d 783, 785).

The defendants' remaining contentions are not properly before this Court.

Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' affirmative defense of lack of standing and should not have, sua sponte, directed dismissal of the complaint insofar as asserted against the defendants and, sua sponte, directed that the plaintiff pay expenses to the defendants pursuant to Real Property Law § 282(1).

CONNOLLY, J.P., BRATHWAITE NELSON, WARHIT and VENTURA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court